UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                 :

UNION OF ORTHODOX JEWISH        :
CONGREGATIONS OF AMERICA,    :
                   Plaintiff,    :        12 Civ. 6059 (JPO)
                                  :

        -against-        :       MEMORANDUM AND
                                  :          ORDER
QUESERIA FIESTA, LLC,        :
                   Defendant.  :
                                  :
---------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiff Union of Orthodox Jewish Congregations of America has moved for a default

judgment against Defendant Queseria Fiesta, LLC.  Plaintiff also makes an application to the

Court for statutory damages and attorney's fees.  For the reasons that follow, Plaintiff's motion

for default judgment is granted and this case will be referred to Magistrate Judge Gabriel W.

Gorenstein for an inquest on damages.  Plaintiff's motion for attorney's fees is denied without

prejudice to renewal within thirty days with appropriate supporting documentation.

## I.     Background

       This case was commenced on August 08, 2012 by the filing of the Complaint and

Summons.  Plaintiff alleges federal trademark infringement, false designation of origin, dilution

of a famous trademark, and common law unfair competition and trademark infringement.  All of

these allegations arise out of Defendant's unauthorized use of Plaintiff's registered certification

mark "OU" on the labels of its foods.  Specifically, Plaintiff alleges that Defendant has never

been authorized to use the OU mark, but nonetheless has made use of this mark on the labels for

four cheese products (queso cotija, crumbled queso molido, solid queso molido, and queso

fresco).  Plaintiff alleges that it repeatedly contacted Defendant and expressed its position that

Defendant's use of the OU mark was unauthorized, but Defendant failed to provide Plaintiff with information regarding its use of the mark, continues to use the OU mark on its product labels without authorization, and continues to infringe Plaintiff's trademark knowingly and willfully.

The Court possesses subject matter jurisdiction in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b).  The Court possess personal jurisdiction over the defendant in this matter because the defendant markets and distributes its allegedly infringing projects within at least the State of New York.  The Court previously granted preliminary injunctive relief.

## II.    Default Judgment

The Court has reviewed the filings in this case.  Plaintiff has satisfied all the prerequisites to entry of default judgment.  The Court hereby directs the entry of default judgment in favor of Plaintiff Union of Orthodox Jewish Congregations of America and against Defendant Queseria Fiesta, LLC.  This leaves only the questions of damages and attorney's fees.

## III.   Damages

In default judgment proceedings, the Court must accept "as true all of the factual allegations of the complaint, *except those relating to damages.*"  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted) (emphasis added).  Thus, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  Because Defendant has not appeared in this case and a more thorough investigation of appropriate damages is warranted, the Court will refer this matter to Magistrate Judge Gabriel W. Gorenstein for an inquest on damages.

## IV.    Attorney's Fees and Costs

Section 35(a) of the Lanham Act governs claims for monetary relief and attorney's fees made by plaintiffs who have successfully established a trademark violation.  15 U.S.C. § 1117.

An award of attorney's fees to the prevailing party pursuant to the Lanham Act is appropriate only in "exceptional cases." *Farberware Licensing Co., LLC v. Meyer Mktg. Co., Ltd.*, 428 F. App'x 97, 99 (2d Cir. 2011) (quoting 15 U.S.C. § 1117(a)). The fact that a party is awarded statutory damages under § 1117(c) does not preclude an award of attorney's fees under § 1117(a). *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012).

"To receive fees under the 'exceptional case' exemption set forth in Lanham Act Section 35(a), a party must demonstrate the losing party acted in bad faith." *Farberware*, 428 F. App'x at 99 (citation omitted). "[E]xceptional cases warranting the award of reasonable attorney's fees are limited to those evidencing fraud, bad faith, or willful infringement." *Prot. One Alarm Monitoring, Inc. v. Executive Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 207 (E.D.N.Y. 2008) (citations omitted); *see also Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995). Courts accept allegations of willful infringement when addressing an attorney's fees motion alongside a default judgment motion. *See, e.g.*, *Gen. Nutrition Inv. Co. v. Gen. Vitamin Centers, Inc.*, 817 F. Supp. 2d 66, 74-75 (E.D.N.Y. 2011); *see also Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 505 (S.D.N.Y. 2009). The necessary showing has therefore been made in this case.

"Plaintiffs have the burden of showing that their suggested rates are reasonable." *I.L.G.W.U. Nat'l Ret. Fund v. ESI Group, Inc.*, No. 92 Civ. 0597, 2003 WL 135797, at *3 (S.D.N.Y. Jan. 17, 2003) (citation omitted). "The starting point in determining the reasonableness of a requested fee award is the 'lodestar' method, through which fees are determined by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Pyatt v. Raymond*, No. 10 Civ. 8764, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (citations omitted). "When fixing a reasonable amount for attorneys' fees, courts should consider 'what a reasonable, paying client would be willing to pay,' and apply the prevailing

market rates for attorneys of similar expertise providing comparable services." *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2007) (citation omitted)).  "In performing this analysis, courts look to current market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)); *see also Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983) (noting that the hourly fees should be a figure that is reasonable for the district in which the deciding court sits).  In other words, "[t]he court should also take into account such factors as the skill of the lawyers, the complexity of the issues involved, the timing demands of the case, and the availability and expertise of alternative counsel, among others the court finds relevant." *Truong v. New York Hotel & Motel Trades Council*, No. 07 Civ. 11383, 2011 WL 147689, at *2 (S.D.N.Y. Jan. 12, 2011) (citations omitted).  "[A]ttorneys fees will also include miscellaneous costs such as filing fees, process server fees, travel expenses, and expense reimbursements." *Id.* (citations omitted). "In determining reasonable hourly rates, the Court can go beyond evidence presented by the parties and rely on its own knowledge of hourly rates charged in the relevant community." *I.L.G.W.U.*, 2003 WL 135797, at *2 (citation omitted).

With respect the number of hours worked, a party seeking an award of attorney's fees must support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Accordingly, "absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010); *see also id.* ("Where we have allowed for such a recovery, counsel has always maintained at least *some*

contemporaneous records."). Fee applications that do not contain such supporting data "should normally be disallowed." *N.Y. State Ass'n for Retarded Children, Inc*, 711 F.2d at 1154; *see also, e.g.*, *RCB Equities No. 3, LLC v. Skyline Woods Realty, LLC*, No. 10 Civ. 1182, 2013 WL 935785, at *4 (N.D.N.Y. Mar. 11, 2013) ("Here, the record lacks sufficient information to allow this Court to award a reasonable amount for attorneys' fees and costs."); *E. Sav. Bank, FSB v. Rabito*, No. 11 Civ. 2501, 2012 WL 3544755, at *7 (E.D.N.Y. Aug. 16, 2012) ("[T]he court finds an inadequate factual basis for an award of attorneys' fees and costs because plaintiff submitted no contemporaneous time records or declarations regarding costs incurred during the course of this litigation."); *Imaging Fin. Services, Inc. v. Digital Page, LLC*, No. 11 Civ. 641, 2012 WL 913257, at *3 (N.D.N.Y. Mar. 16, 2012) ("[T]he Court does not find documentation of either the attorneys' hourly rate or the number of hours spent on this matter, and therefore cannot determine whether the requested fees and costs are reasonable.").

Here, Plaintiff has provided the Court with a total figure of $24,902.75. As counsel to Plaintiff explains in an affidavit, this includes 19.1 hours of work performed by David J. Butler, a partner, at a rate of $865.00 per hour; 11.4 hours of work performed by Margaret E. Sheer, an associate, at a rate of $550.00 per hour; 4.0 hours of work performed by David Marcus, an associate, at a rate $315.00 per hour, and expenses in the amount of $851.25.

Plaintiff, however, has provided no contemporaneous time records to support these figures, nor has it provided the Court with any other information that would allow the Court to ascertain whether these fees are reasonable. Accordingly, Plaintiff's motion for attorney's fees is denied without prejudice to renewal within the next thirty days.

**V.      Conclusion**

For the foregoing reasons, the Court directs the entry of default judgment in favor of

Plaintiff Union of Orthodox Jewish Congregations of America and against Defendant Queseria

Fiesta, LLC.  The matter of damages is reserved for an inquest on damages.  Plaintiff's motion

for attorney's fees is denied without prejudice to renewal within thirty days.

The Clerk of Court is directed to close the motion entry at Dkt. No. 13.


SO ORDERED.

Dated: New York, New York
        April 5, 2013


_____
J. PAUL OETKEN
United States District Judge